Kenneth A. Bryant, Esq., SBN: 62081
Michael P. Bryant, Esq., SBN: 173440
BRYANT & BRYANT
505 N. Tustin Ave., Ste. 104
Santa Ana, CA 92705
Tel: (714) 558-788
Fax: (714) 542-4989

**Attorneys for Defendant/Cross-Complainants**
**BIPIN GALA, NAINA GALA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BIPIN GALA; NAINA GALA; SUNG BOK CHOI; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> BIPIN GALA, and NAINA GALA, <br><br> Cross-Complainants, <br><br> vs. <br><br> RAFAEL ARROYO, JR., and ROES 1-10, Inclusive, <br><br> Cross-Defendants | CASE NO. 2:19-cv-04703 <br><br> **CROSS-COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE INDEMNITY (Per C.C.P. §472)** |

Cross-Complainants, BIPIN GALA and NAINA GALA allege as follows:

PRELIMINARY ALLEGATIONS

1. Cross-Complainants are individuals and at all times herein mentioned were residents of the County of Orange, State of California.

2. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant RAFAEL ARROYO, JR. is a resident of Los Angeles County or Orange County and disabled, as alleged in his Complaint.

3. Cross-Complainants are ignorant of the true names and capacities of the Cross-Defendants sued herein as ROES 1-10, inclusive; and therefore sues these Cross-Defendants by such fictitious names. Cross-Complainants will amend this Cross-Complaint to allege their true names and capacities when ascertained.

### FIRST CAUSE OF ACTION
### (Declaratory Relief- No Violation of Unruh Act or Americans with Disabilities Act)

4. Cross-Complainants refer to and incorporate herein by reference paragraphs 1 through 3 as through set forth in full herein.

5. Cross-Complainants are informed and believe and thereon allege that by reason of (a) the older construction of the building and other facilities, constructed prior to the Americans With Disabilities Act of 1990 and the Unruh Civil Rights Act, all of the physical alterations which may be necessary to comply with these laws are **NOT READILY ACHIEVABLE**; and therefore Cross-Complainants should not be liable; and is not liable for any damages purported violations of said Disabilities Acts.

6. Cross-Complainants are informed and believe and thereon allege that the Cross-Complainants have not violated the Unruh Civil Rights Act or the Americans with Disabilities

Act in that the structure of Defendants' premises and other facilities, which were constructed according to the then-existing building codes and laws, were not constructed so that Plaintiff, who allegedly is in a wheelchair, would have equal access and use of said premises and facilities, and reconstruction or modifications by Defendants is **NOT READILY ACHIEVABLE**; and is not required under the law [Civil Code §51(d)].

7. An actual controversy has arisen and now exists between Cross-Complainant and the Cross-Defendant, and each of them, in that Cross-Complaint contends upon information and belief that he and the Cross-Defendant Lessee are not liable to Plaintiff for damages and are not in violation of the Unruh Civil Rights Act or the Americans with Disabilities Act by reason of the facts herein alleged; whereas the Cross-Defendant, upon information and belief, deny all of Cross-Complainant's assertions and contentions.

8. Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and the Cross-Defendant, and each of them, with respect to the issues of whether the Cross-Complainant and Lessee are in violation of the said Disabilities Acts; and whether Cross-Complainant is liable for the damages claimed in the Complaint of the Plaintiff herein.

9. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain his rights and duties with respect to the Cross-Complainants and Plaintiff's claims contained in the pleadings; and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions that would result if Cross-Complainant is required to now defend against the claim of Plaintiff and then later defend a similar action or bring a separate action against the Cross-Defendants, and each of them, for indemnity.

- 3 -
CROSS-COMPLAINT

## SECOND CAUSE OF ACTION
### (Equitable/Contractual Indemnity)

10. Cross-Complainants refer to and incorporate herein by reference paragraphs 1 through 9 as through set forth in full herein.

11. An actual controversy has arisen and now exists between Cross-Complainant and the Cross-Defendant and each of them, in that Cross-Complainant contends that the Cross-Defendant (Plaintiff) are responsible and liable to indemnify Cross-Complainant for any and all costs and attorney fees which Cross-Complainant may expend or be liable for in defending this action brought by Plaintiff and for any amount which Cross-Complainant may be required to pay Plaintiff based upon Plaintiff's Complaint; whereas said Cross-Defendant denies all of Cross-Complainant's assertions and contentions.

12. Cross-Complainants desire a judicial determination of the respective rights and duties of Cross-Complainant and the Cross-Defendants, and each of them, with respect to the damages claims in the Complainant of the Plaintiff herein; and with respect to Cross-Complainant's right to indemnify from Cross-Defendants.

13. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain his rights and duties with respect to the Plaintiff's claim in the Complaint and with respect to Cross-Complainant's rights to indemnify from Cross-Defendant; and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions that would result if Cross-Complainant is required to now defend against the claim of Plaintiff and then later bring a separate action against the Cross-Defendants, and each of them, for indemnity.

WHEREFORE, Cross-Complainants pray for Judgment against the Cross-Defendants and each of them, as follows:

1. For a judicial determination that Cross-Complainant is not liable to Plaintiff and Cross-Defendant RAFAEL ARROYO, JR. for any damages; and is not in violation of the Unruh Civil Rights Act or the Americans with Disabilities Act;

2. For a judicial determination of the comparative fault of Cross-Complainant and Cross-Defendants, and each of them, with respect to damages claimed by Plaitniff, if any there are found to exist; and for a determination that the Cross-Defendants, and each of them, are 100% responsible for the damages alleged in the Plaintiff's Complaint.

3. For a declaration of the amount that the Cross-Defendant is obligated to indemnify Cross-Complainants;

4. For such other and further relief as the Court deems just and proper in the premises.

Dated: June 25, 2019

BRYANT & BRYANT

By: *Kenneth A. Bryant*
Kenneth A. Bryant, Attorneys for
Cross-Complainant BIPIN GALA and
NAINA GALA

## PROOF OF SERVICE [1013a, 2015.5 C.C.P.]

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 505 N. Tustin Ave., Ste. 104, Santa Ana, CA 92705.

On **June 25, 2019,** I served the foregoing document: **CROSS-COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE INDEMNITY (Per C.C.P. §472).**

[X] by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Phyl Grace, Esq.
Center For Disability Access
P.O. Box 262490
San Diego, CA 92196-2490

**[X] (BY MAIL)** I caused such envelope to be deposited in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (BY ELECTRONIC MAIL) I caused such envelope to be delivered via electronic mail transmission to the addressee listed above.

**Executed on June 25, 2019 at Santa Ana, California.**

[X] (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Vanessa Redfern, Declarant